IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO**. 21-cv-82002

**SIMMON OLEJNICZAK**,

    Plaintiff,

vs.

**SPEED FANATIX, INC.**,
**STEPHEN HARPER**, individually, and
**REG DODD**, individually,

    Defendants.
_____/

## COMPLAINT

*Collective Action Pursuant to 29 U.S.C. § 216(b)*

**SIMMON OLEJNICZAK** on behalf of himself and others similarly situated under 29 U.S.C. §216(b)(collectively "Plaintiffs"), by and through the undersigned counsel, hereby files this Complaint and sues **SPEED FANATIX, INC.** ("Speed Fanatix"), **STEPHEN HARPER** ("Harper"), and **REGG DODD** ("Dodd")(collectively "Defendants") and alleges as follows:

### INTRODUCTION

1. This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Further, this is an action for damages related to Defendants' retaliatory acts in violation of the FLSA's anti-retaliation provision, 29 U.S.C. §215.

1 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

3. Plaintiff seeks damages within this Court's jurisdiction, reasonable attorneys' fees, court costs, and all other remedies allowable by law.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff Olejniczak was formerly employed by Defendants and performed work for Defendants in Palm Beach County, Florida.

5. Speed Fanatix is, and was, a Florida company conducting business in Palm Beach County, Florida during the relevant three year look back period.

6. Harper is, and was, a corporate officer for/operator of Speed Fanatix during the relevant time period. Further, Harper controlled the business and Speed Fanatix's employees (including Plaintiff Olejniczak and those who would opt-in) in terms of hiring, firing, scheduling, duties, work hours, calculation of wages, paying of wages, and ensuring compliance with local, state, and federal laws, including, but not limited to, the FLSA.

7. Dodd is, and was, a corporate officer for/operator of Speed Fanatix during the relevant time period. Further, Dodd controlled the business and Speed Fanatix's employees (including Plaintiff Olejniczak and those who would opt-in) in terms of hiring, firing, scheduling, duties, work hours, calculation of wages, paying of wages, and ensuring compliance with local, state, and federal laws, including, but not limited to, the FLSA.

8. Speed Fanatix, Harper, and Dodd are employers, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

2 | Page

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

9. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff Olejniczak in this District, and the claims arose within the District.

## GENERAL ALLEGATIONS

### A. Defendants' Business and Interstate Commerce

10. The primary purpose of Speed Fanatix is to provide services related to building and servicing 1965 Backdraft Shelby Cobra replicas, engine installation, wheel alignment, and road testing.

11. Under information and belief, Plaintiff Olejniczak alleges that Speed Fanatix's gross annual revenue exceeded $500,000.00 during 2018, 2019, and 2020 and is expected to exceed $500,000.00 during 2021.

12. Speed Fanatix customarily and regularly bought and sold goods and services that crossed state lines.

13. At all relevant times, Speed Fanatix employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

14. Upon information and belief, Speed Fanatix obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its

3 | Page

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

15. Speed Fanatix, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

16. Speed Fanatix is an employer engaged in interstate commerce and subject to the FLSA.

**B. Allegations Relating to Plaintiff's Unpaid Overtime Claim**

17. Plaintiff Olejniczak's second period of work with Defendants began during November of 2020.

18. Plaintiff Olejniczak was employed as a non-exempt Technician.

19. During his employment, Plaintiff Olejniczak utilized a punch clock to record his start and end times.

20. During his employment Plaintiff Olejniczak worked beyond forty (40) hours per week.

21. Defendants required employees, like Plaintiff Olejniczak and those similarly situated, to take two set fifteen (15) minute breaks per day. However, this requirement was not actually put into practice where the workload and demands of the business required Plaintiff Olejniczak and those similarly situated to routinely work through those breaks.

4 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

22. Despite working through these breaks, Defendants employed a system whereby thirty (30) minutes of these purported break times were automatically deducted each day regardless of whether the break was truly taken (the "Automatic Deduction System").

23. Through use of the Automatic Deduction System, Plaintiff Olejniczak and other similarly situated individuals were automatically deprived of two-and-a-half (2.5) hours of overtime premium pay per week.

24. Defendants willfully and intentionally failed to properly provide Plaintiff Olejniczak and those similarly situated with proper overtime pay due to the Automatic Deduction System.

C. **Harper and Dodd's Employment of, and Failure to Properly Pay, Plaintiff Olejniczak and Those Similarly Situated**

25. During the relevant period, Harper was Plaintiff' Olejniczak's co-manager/co-supervisor as well as a general co-operator of the business.

26. During the relevant period, Dodd was the owner of Speed Fanatix as well as Plaintiff Olejniczak's co-manager/co-supervisor as well as a general co-operator of the business.

27. During Plaintiff Olejniczak's employment, Harper and Dodd acted as Plaintiff Olejniczak's supervisor/manager, provided Plaintiff Olejniczak with his work duties, gave feedback on the work Plaintiff Olejniczak performed for Defendants, had the ability to discipline Plaintiff Olejniczak, was responsible for recording, calculating, and paying Plaintiff Olejniczak's work hours.

5 | Page

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

28. Harper and Dodd intentionally refused to pay Plaintiff Olejniczak overtime wages he was owed under the FLSA by employing the Automatic Deduction System.

29. Harper is partially or totally responsible for paying Plaintiff Olejniczak's wages.

30. Dodd is partially or totally responsible for paying Plaintiff Olejniczak's wages.

31. Harper and Dodd must be considered Plaintiff Olejniczak's employers, joint employers, or co-employers for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

**D. Defendants' Illegal Payment Practices Affected All Other Similarly Situated Employees.**

32. Defendants' pattern and practice of using the Automatic Deduction System applied to other Technicians like Plaintiff Olejniczak.

33. Other Technicians have been subject to the very same unlawful payment practices as Plaintiff Olejniczak.

34. Other Technicians customarily and regularly had time deducted from their work hours through the Automatic Deduction System.

35. Other Technicians for Defendants have worked over forty (40) hours a week during the last three (3) years without being paid complete and proper overtime wages due to the Automatic Deduction System.

36. There are numerous similarly situated Technicians.

6 | Page

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

### E. <u>Allegations Relating to Plaintiff's Retaliation Claim</u>

37. Shortly after his return to work for Defendants, in November of 2020, Plaintiff Olejniczak complained about the missing wages that were due to the Automatic Deduction System.

38. Plaintiff Olejniczak specifically complained about the deductions to Defendant Harper, but was purposefully misled by Harper's representation that the hours were correct.

39. Plaintiff Olejniczak then spoke with his coworkers who confirmed that the Automatic Deduction System had been in place for quite some time.

40. After researching his rights, Plaintiff Olejniczak brought his concerns to Defendant Dodd who simply, like Harper, purposefully misled Plaintiff Olejniczak by representing that the hours were correct.

41. Eventually, Defendants informed Plaintiff Olejniczak and his coworkers that reimbursements were forthcoming (December of 2020) due to the Automatic Deduction System. This never occurred.

42. In February of 2021, a meeting was held where another coworker voiced concerns about the Automatic Deduction System and lack of reimbursements. Again, Defendants stated that reimbursements were forthcoming (March of 2020) due to the Automatic Deduction System. This, unsurprisingly, never occurred.

7 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

43. After Plaintiff Olejniczak voiced his complaints about the Automatic Deduction System, Dodd told Plaintiff Olejniczak that he "could leave now if [Plaintiff] didn't like it."

44. Indeed, Defendants made it their sole mission to harass Plaintiff Olejniczak until he forcibly and involuntarily made the decision to leave his employment.

45. On or about July 1, 2021, Plaintiff Olejniczak was constructively discharged from his employment based on the toxic and harassing environment advanced by Defendants' ownership that developed after Plaintiff Olejniczak complained about his missing wages from the Automatic Deduction System.

## COUNT I
## OVERTIME VIOLATION BY SPEED FANATIX
## UNDER THE FAIR LABOR STANDARDS ACT

46. Plaintiff Olejniczak re-alleges and incorporates by reference the allegations in paragraphs 1 through 31 above as if fully set forth herein.

47. As part of its business, Speed Fanatix purchased goods and materials that traveled through interstate commerce.

48. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff Olejniczak.

49. Upon information and belief, Speed Fanatix obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its

8 | Page

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

50. Speed Fanatix, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

51. During his employment with Speed Fanatix, Plaintiff Olejniczak worked overtime hours for which he was not compensated all hours worked at a rate of no less than time-and-one-half his regular rate of pay, as required by the FLSA, due to the Automatic Deduction System.

52. Speed Fanatix purposefully deducted hours from Plaintiff' Olejniczak s total weekly hours due to the Automatic Deduction System. As such, Plaintiff Olejniczak was not compensated for his complete overtime despite Speed Fanatix's knowledge of the overtime hours Plaintiff Olejniczak worked and that breaks were automatically deducted.

53. Plaintiff Olejniczak is owed unpaid overtime compensation pursuant to the FLSA.

54. In addition, Speed Fanatix is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**WHEREFORE,** Plaintiff Olejniczak respectfully requests that the Court:

a. Enter judgment for Plaintiff Olejniczak against Speed Fanatix under the FLSA;

b. Award Plaintiff Olejniczak actual damages for the unpaid overtime wages;

c. Award Plaintiff Olejniczak liquidated damages;

d. Award Plaintiff Olejniczak his attorneys' fees and costs;

e. Award Plaintiff Olejniczak all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II
## OVERTIME VIOLATIONS AGAINST STEPHEN HARPER UNDER THE FAIR LABOR STANDARDS ACT

55. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 31 above as if fully set forth herein.

56. Harper operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

57. Harper scrutinized Plaintiff's work and controlled how Plaintiff did his job.

58. Harper allowed the Automatic Deduction System to be utilized despite knowing this resulting in a theft of hours.

10 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

59. During Plaintiff's employment with Defendants, Plaintiff worked for Defendants over 40 hours per week.

60. During his employment with Defendants, Plaintiff worked overtime hours for which he was not fully compensated at a rate of time-and-one-half his regularly rate of pay as required by the FLSA due to the Automatic Deduction System.

61. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

62. Harper did not compensate Plaintiff for his overtime despite his knowledge of the overtime hours Plaintiff worked given the Automatic Deduction System.

63. Harper is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Harper under the FLSA;

b. Award Plaintiff actual damages for the unpaid overtime wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## COUNT III
## OVERTIME VIOLATIONS AGAINST REG DODD UNDER
## THE FAIR LABOR STANDARDS ACT

64. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 31 above as if fully set forth herein.

65. Dodd operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

66. Dodd scrutinized Plaintiff's work and controlled how Plaintiff did his job.

67. Dodd allowed the Automatic Deduction System to be utilized despite knowing this resulting in a theft of hours.

68. During Plaintiff's employment with Defendants, Plaintiff worked for Defendants over 40 hours per week.

69. During his employment with Defendants, Plaintiff worked overtime hours for which he was not fully compensated at a rate of time-and-one-half his regularly rate of pay as required by the FLSA due to the Automatic Deduction System.

70. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

12 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

71. Dodd did not compensate Plaintiff for his overtime despite his knowledge of the overtime hours Plaintiff worked given the Automatic Deduction System.

72. Dodd is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Dodd under the FLSA;

b. Award Plaintiff actual damages for the unpaid overtime wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

**COUNT IV**
**COLLECTIVE ACTION AGAINST SPEED FANATIX**
**FOR UNPAID OVERTIME WAGES UNDER THE FLSA**

73. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 through 36 above as if fully set forth herein.

74. Speed Fanatix's pattern and practice of depriving full and proper overtime compensation required by the FLSA extended to all Technicians.

75. Technicians throughout have all been subject to the very same unlawful Automatic Deduction System as Plaintiff Olejniczak.

13 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

76. Speed Fanatix has employed multiple other Technicians during the relevant period.

77. Technicians for Speed Fanatix have worked over forty (40) hours a week and were subject to the unlawful Automatic Deduction System over the last three (3) years. This resulted in Technicians not being paid at a time-and-a-half their regular rate of pay for all overtime hours worked.

78. Other similarly situated Technicians of Speed Fanatix were also deprived overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA due to the unlawful Automatic Deduction System.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a. Enter an order certifying this case as a collective action;

    b. Enter judgment against Speed Fanatix under the FLSA;

    c. Award all similarly situated opt-in plaintiffs actual damages for the unpaid overtime wages;

    d. Award all similarly situated opt-in plaintiffs liquidated damages;

    e. Award attorneys' fees and costs;

    f. Award all recoverable interest; and

    g. Award any other relief this Honorable Court deems just and proper.

14 | Page

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## COUNT V
## FAIR LABOR STANDARDS ACT RETALIATION VIOLATION
## AGAINST SPEED FANATIX

79. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 46 above as if fully set forth herein.

80. As a result of Plaintiff's decision to exercise his right to expose the Automatic Deduction System and recover his unpaid overtime wages, Speed Fanatix, through ownership, sought to harass Plaintiff until he was forced to leave employment.

81. Such retaliation violates Section 15(a)(3) of the FLSA which states in pertinent part that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed a complaint or instituted, or caused to be instituted, any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding…."

82. The motivating factor that caused Plaintiff's adverse employment action as described above, was Plaintiff's complaint regarding not being paid properly for all hours worked.

83. Speed Fanatix's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

84. As a result of Speed Fanatix's direct violation of the FLSA, Plaintiff has been damaged.

15 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**WHEREFORE**, Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Speed Fanatix under the FLSA;

b. Award Plaintiff all damages allowable by law, including, but not limited to, back pay, front pay, and compensatory damages;

c. Award Plaintiff his attorneys' fees and costs;

d. Award Plaintiff prejudgment and post judgment interest;

e. Grant Plaintiff any other relief this Honorable Court deems just and proper.

## **JURY TRIAL**

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

16 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

Dated:  October 29, 2021

          Respectfully submitted,

          By: ***/s/ Brody M. Shulman***
          J. Freddy Perera, Esq.
          Florida Bar No. 93625
          freddy@pba-law.com
          Bayardo E. Alemán, Esq.
          Florida Bar No. 28791
          bayardo@pba-law.com
          Brody M. Shulman, Esq.
          Florida Bar No. 92044
          brody@pba-law.com

          **PERERA ALEMÁN**
          12555 Orange Drive
          Second Floor
          Davie, Florida 33330
          Phone: 786.485.5232
          *Counsel for Plaintiff*

17 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232